**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dawn Carter, as personal representative of the Estate of Jereme Loydd Mortinson, deceased, and Dawn Carter, on behalf of the heirs and next of kin of Jereme Loydd Mortinson, deceased, | ) ) ) ) ) ) | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| EOG Resources, Inc. and Crude Processing, Inc., | ) ) ) | |
| Defendants. | ) ) | |
| ──────────────────────────── | ) ) | |
| EOG Resources, Inc., | ) ) | Case No. 4:12-cv-003 |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| S&S Sales 2008, Inc., | ) ) | |
| Third-Party Defendant. | ) ) | |
| ──────────────────────────── | ) ) | |
| S&S Sales 2008, Inc., | ) ) | |
| Fourth-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| RES Investments, LLC, | ) ) | |
| Fourth-Party Defendant. | ) | |

Before the Court is Magistrate Judge Karen Klein's "Report and Recommendation on EOG, CPI, and S&S's Motion for Summary Judgment Dismissing any Claim by Dawn Carter for Recovery on Her Own Behalf" filed on July 15, 2014. See Docket No. 156.

On December 12, 2011, the Plaintiff, Dawn Carter ("Carter"), as the personal representative of the Estate of Jereme Mortinson and on behalf of the heirs and next of kin of Jereme Mortinson, initiated this action in Williams County, North Dakota, against EOG Resources, Inc. ("EOG Resources"); Crude Processing, Inc., f/k/a/ CCS Midstream Services, LLC, n/k/a Tervita, LLC ("Crude Processing");[1] Superior Well Services, Inc. ("Superior Well Services"); and Halliburton Energy Services, Inc. ("Halliburton"). See Docket No. 1-1. The case was removed to federal district court on January 10, 2012. See Docket No. 1. On May 1, 2012, EOG Resources brought a third-party complaint against S&S Sales 2008, Inc. ("S&S Sales"). See Docket No. 21. On September 18, 2012, S&S Sales brought a fourth-party complaint against RES Investments, LLC ("RES Investments"). See Docket No. 31. Upon stipulation of the parties, the Court dismissed without prejudice Plaintiffs' claims against Superior Well Services, Halliburton, and CCS Midstream Services, LLC on September 28, 2012. See Docket No. 34.

On February 28, 2013, Carter filed a motion to amend the complaint to assert her claims as the common law spouse of Mortinson. See Docket No. 44. Magistrate Judge Charles S. Miller, Jr. granted Carter's motion for leave to amend the complaint on October 4, 2013. See Docket No. 61. EOG Resources, Crude Processing, and S&S Sales appealed the order granting Carter leave to amend the complaint. See Docket No. 62. On January 13, 2014, the Court denied the appeal. See Docket No. 63.

---

[1] On February 25, 2014, the Court issued an Order clarifying that CCS Midstream Services, LLC and Crude Processing are separate defendants. See Docket No. 86.

On January 31, 2014, EOG Resources, Crude Processing, and S&S Sales filed a motion for summary judgment requesting the Court dismiss any claim by Dawn Carter on her own behalf. See Docket No. 68. Magistrate Judge Karen Klein issued a Report and Recommendation on July 15, 2014, and recommended EOG Resources, Crude Processing, and S&S Sales' motion for summary judgment be denied. See Docket No. 156. Judge Klein gave the parties fourteen (14) days to file objections to the Report and Recommendation. EOG Resources, Crude Processing, and S&S Sales filed an objection to the Report of Recommendation on August 1, 2014. See Docket No. 166.

In the motion for summary judgment, EOG Resources, Crude Processing, and S&S Sales contend Carter's amended complaint does not encompass a claim brought on her own behalf as the claimed common-law wife of Jereme Lloyd Mortinson, and any such claim is now barred by the two (2) year statute of limitations. However, in its previous order granting Carter leave to file an amended complaint (Docket No. 61) and denying the appeal from such order (Docket No. 63), the Court concluded Carter may amend the complaint to include her claim as the common law wife of Mortinson. Carter's claim to any recovery as an alleged heir-at-law was already included in the original complaint, and the two (2) year state of limitations does not bar such a claim when the original complaint was timely. See Docket Nos. 61, pp. 8-9 and 63, pp. 8-9.

Although the Court granted Carter leave to amend her complaint and directed Carter to file such an amended complaint, Carter has failed to file an amended complaint to include her claim for recovery as the common law wife of Mortinson. Judge Miller originally ordered Carter to file an amended complaint within ten (10) days of the date of the order granting Carter's motion to amend. See Docket No. 61. Although Cater did not file an amended complaint to include her claim as an alleged heir-at-law within the prescribed time, in the exercise of its broad discretion,

the Court again grants Carter leave to file an amended complaint to ensure all issues are before the Court.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record, and finds the Report and Recommendation to be persuasive. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 156) in its entirety. EOG Resources, Crude Processing, and S&S Sales' motion for summary judgment (Docket No. 68) is **DENIED**. Further, the Plaintiff is directed to file the amended complaint within five (5) days from the date of this order. The Defendant is directed to serve an answer within twenty-one (21) days of being served with the amended complaint.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2015.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court