IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Dawn Carter, as personal representative of the Estate of Jereme Loydd Mortinson, deceased, and Dawn Carter, on behalf of the heirs and next of kin of Jereme Loydd Mortinson, deceased, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| EOG Resources, Inc. and Crude Processing, Inc., | ) ) ) |
| Defendants. | ) ) |
| EOG Resources, Inc., | ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| S&S Sales 2008, Inc., | ) ) |
| Third-Party Defendant. | ) ) |
| S&S Sales 2008, Inc., | ) ) |
| Fourth-Party Plaintiff, | ) ) |
| vs. | ) ) |
| RES Investments, LLC, | ) ) |
| Fourth-Party Defendant. | ) |

**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION**

Case No. 4:12-cv-003

Before the Court is Magistrate Judge Karen Klein's "Report and Recommendation on EOG and CPI's Motion for Summary Judgment" filed on July 15, 2014. See Docket No. 157.

## I. BACKGROUND

This is a wrongful death and survival action brought by the Plaintiff, Dawn Carter, as the personal representative of the Estate of Jereme Mortinson and on behalf of the heirs and next of kin of Mortinson. Mortinson died after being injured in an explosion on or about December 12, 2009, that occurred while he was operating a truck involved in oil drilling and fracking operations near Williston, North Dakota. On December 12, 2011, the Plaintiff, Dawn Carter ("Carter"), as the personal representative of the Estate of Jereme Mortinson and on behalf of the heirs and next of kin of Jereme Mortinson, initiated this action in Williams County, North Dakota, against EOG Resources, Inc. ("EOG Resources"); Crude Processing, Inc., f/k/a/ CCS Midstream Services, LLC, n/k/a Tervita, LLC ("Crude Processing");[1] Superior Well Services, Inc. ("Superior Well Services"); and Halliburton Energy Services, Inc. ("Halliburton"). See Docket No. 1-1. The case was removed to federal district court on January 10, 2012. See Docket No. 1. On May 1, 2012, EOG Resources brought a third-party complaint against S&S Sales 2008, Inc. ("S&S Sales"). See Docket No. 21. On September 18, 2012, S&S Sales brought a fourth-party complaint against RES Investments, LLC ("RES Investments"). See Docket No. 31. Upon stipulation of the parties, the Court dismissed without prejudice Plaintiffs' claims against Superior Well Services, Halliburton, and CCS Midstream Services, LLC on September 28, 2012. See Docket No. 34.

On January 31, 2014, the Defendants, EOG Resources and Crude Processing, filed a motion for summary judgment. See Docket No. 69. On March 3, 2014, Carter filed a response in opposition to the motion for summary judgment. See Docket No. 88. The Defendants filed a reply brief on April 4, 2014. See Docket No. 101. On May 21, 2014, Carter then filed a sur-reply. See

---

[1] On February 25, 2014, the Court issued an Order clarifying that CCS Midstream Services, LLC and Crude Processing are separate defendants. See Docket No. 86.

Docket No. 113. The Defendants filed a reply to Carter's sur-reply on May 30, 2104. See Docket No. 115. On June 16, 2014, Judge Daniel L. Hovland referred the motion to Magistrate Judge Karen K. Klein for the issuance of a Report and Recommendation. See Docket No. 116.

Judge Klein issued a "Report and Recommendation on EOG and CPI'S Motion for Summary Judgment" on July 15, 2014. See Docket No. 157. In the Report and Recommendation, Judge Klein recommended EOG Resources and Crude Processing's motion for summary judgment (Docket No. 69) be granted and the complaint be dismissed with prejudice. In the Report and Recommendation, Judge Klein concluded Carter failed to establish an essential element of the negligence claims. On August 1, 2014, Carter filed an object to the Report and Recommendation. See Docket No. 164. EOG Resources and Crude Processing filed a response to Carter's objection to the Report and Recommendation on August 15, 2014. See Docket No. 168.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and, therefore, the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Simpson

v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005), *abrogated on other grounds by* Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

### III. LEGAL DISCUSSION

In the motion for summary judgment, EOG Resources and Crude Processing request dismissal of the complaint because "Dawn Carter lacks proof or a specific negligent act or omission by EOG or CPI, lacks proof of proximate cause, and cannot meet the elements of *res ipsa loquitur*." See Docket No. 69, p. 2. In the Report and Recommendation, Judge Klein concluded Carter failed to show a genuine issue of material fact exists and Carter essentially failed to establish the Defendants breached their duty of care. Primarily, Judge Klein determined:

> Carter has failed to dispute the fact that the tank of CPI's heater truck used to store the displaced water captured from the well head during the wireline operation was not involved in heating Mortinson's fresh water. Without evidence that Mortinson's fresh water came into contact with equipment on CPI's heater truck that was also used to extract and capture displaced water from the well head, Carter cannot show defendants negligently performed an act that caused fugitive hydrocarbons to enter Mortinson's fresh water tank.

See Docket No. 157, p. 10. In her objection to the Report and Recommendation, Carter contends Judge Klein erroneously concluded Carter failed to dispute these facts. See Docket No. 164, p. 2. Carter directs the Court to numerous portions of Neal Adam's declarations and deposition, as well as Robert Weiner and Dustin Whitehead's declarations in support of her contention these facts are disputed. The Court has carefully reviewed these depositions and declarations.

Local Rule 72.1(D)(3) provides "a district judge must make a de novo determination of those portions to which specific objection is made and may accept, reject, or modify in whole or in part the findings or recommendations made by the magistrate judge." D.N.D. L. Civ. R. 72.1(D)(3). The Court has carefully reviewed the entire record and, viewing the evidence in the light most favorable to Carter, finds genuine issues of material facts exist and EOG Resources and Crude Processing are not entitled to judgment as a matter of law. There are genuine issues of material fact in dispute as to negligence or fault and causation. Federal Rule of Civil Procedure 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the non-moving party to make the showing to which we have referred. The Court finds that Carter has presented sufficient admissible evidence in the form of declarations and depositions to oppose the Defendants' motion for summary judgment.

## IV.  CONCLUSION

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record. For the reasons set forth above, the Court **DECLINES TO ADOPT** the Report and Recommendation (Docket No. 157) and **DENIES** EOG Resources and Crude Processing's motion for summary judgment (Docket No. 69).

**IT IS SO ORDERED.**

Dated this 12th day of March, 2015.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court